UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL MUSIC CORPORATION, SWEET CITY RECORDS, INC., EXPERIENCE HENDRIX, L.L.C., BLUE'S BABY MUSIC, DIRTY DRE MUSIC, and JAT CAT MUSIC PUBLISHING, INC., | ) ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ACTIVE PARK, L.L.C. and ROB WRIGHT, | ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.      Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.     The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.     On information and belief, Defendant Active Park, L.L.C. ("Active Park") is a limited liability company organized under the laws of the state of Texas with offices at 3100 Fountain View Drive, Houston, Texas 77057.

6.     At all times hereinafter mentioned, Active Park did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Prospect Park Sports Bar ("PPSB"), located at 3100 Fountain View Drive, Houston, Texas 77057.

7.     Musical compositions were and are publicly performed at PPSB.

8.     Defendant Rob Wright ("Wright" and, together with Active Park, "Defendants") is an individual who resides and/or does business in this District.

9.     At all times hereinafter mentioned, Wright was, and still is, a managing member and/or owner of Active Park.

10.     At all times hereinafter mentioned, Wright was, and still is, responsible for the control, management, operation and maintenance of the affairs of Active Park.

11.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at PPSB, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at PPSB.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.   The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14.   Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.   On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.   Since February 2014, ASCAP representatives have made more than 40 attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for PPSB.   ASCAP has contacted and/or attempted to contact Defendants by phone, by mail, by e-mail, and in person.

16.   Defendants have refused all of ASCAP's license offers for PPSB.

17.   ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at PPSB constitute infringement of ASCAP's members' copyrights in their musical works.

18.   Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at PPSB, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19.   The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20.    The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22.    The compositions named in causes of action 1, and 3 are now in their renewal terms of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued Certificates of Registration of the claims of renewal in the names of the claimants listed in Column 7.  The dates and identification numbers of the respective renewal certificates are set forth in Column 8.

23.    Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at PPSB, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24.    The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25.    In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26.    The many unauthorized performances at PPSB include the performances of the four copyrighted musical compositions upon which this action is based.

27.    At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28.    The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.    That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Prospect Park Sports bar, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.    That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorneys' fee be allowed as part of the costs.

Dated:  Houston, Texas
          May 2, 2017

/s/ Stacy R. Obenhaus
Stacy R. Obenhaus [attorney-in-charge]
sobenhaus@gardere.com
Texas Bar No. 15161570
SD Tex. No. 11260
John MacVane [of counsel]
jmacvane@gardere.com
Texas Bar No. 240854442
SD Tex. No. 2209776
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas  77002-5011
Tel:  713-276-5500
Fax: 713-276-5555

*Attorneys for Plaintiffs*

## Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | UNIVERSAL MUSIC CORPORATION | SWEET THING | Tony Maiden<br><br>Yvette M. Steverns (p/k/a Chaka Khan) | January 15, 1976 | EP 348611 | AMERICAN BROADCASTING MUSIC, INC. | RE 891-168 December 31, 2003 | February 11, 2017 |
| 2. | SWEET CITY RECORDS, INC. | PLAY THAT FUNKY MUSIC (WHITE BOY) | Robert Parissi | August 18, 1976 | EP 360-773 | | | February 10, 2017 |
| 3. | EXPERIENCE HENDRIX, L.L.C. | FIRE | Jimi Hendrix | December 20, 1968 | EP 259288 | JAMES A. HENDRIX<br><br>(The next of kin of the deceased author, Jimi Hendrix) | RE 736-546 September 17, 1996 | February 10, 2017 |
| 4. | UNIVERSAL MUSIC CORPORATION<br><br>BLUE'S BABY MUSIC<br><br>DIRTY DRE MUSIC<br><br>JAT CAT MUSIC PUBLISHING, INC. | THE WAY | Andre Harris<br><br>Jill H. Scott<br><br>Darren Henson | July 18, 2000 | PA 1-244-689 | | | February 11, 2017 |